IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALVIN R. COOPER, <br>    Petitioner, <br> vs. <br>   <br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal <br> Justice, Correctional Institutions Division, <br>    Respondent. | No. 3:07-CV-1875-K (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction out of the 5th Judicial District Court of Dallas County, Texas in Cause No. F-90-22917-L. The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner challenges his 1990 conviction, upon a plea of *nolo contendere*, for burglary of a building. He was sentenced to four years' incarceration on September 21, 1990. He did not appeal his conviction. Petitioner filed a state habeas petition in April 2005, which was denied on February 1, 2006. He filed a subsequent state habeas petition on February 23, 2007, which was

denied on August 15, 2007. He filed this federal habeas action on November 5, 2007 (the date he certified he placed the petition in the prison mail system).

Petitioner argues that his plea of *nolo contendere* was uncounseled[1] and that the alleged illegal sentence was later used for enhancement purposes, resulting in collateral consequences for parole eligibility purposes. He states that the burglary of a building conviction was used to enhance his sentence in Cause No. F93-22862-KP in the 203rd Judicial District Court of Dallas County, Texas.[2]

Petitioner challenged his conviction in Cause No. F-90-22917-L for burglary of a building before in federal court by way of a § 2254 petition. *Cooper v. Dretke*, 3:02-CV-2116-P (N.D. Tex. Jan. 13, 2004). Petitioner's prior federal petition was dismissed with prejudice as barred by the statute of limitations on January 13, 2004. A certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit on July 2, 2004.

Because petitioner has filed a previous federal petition to challenge his burglary of a building conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or

---

[1] The exhibits attached to his petition and supporting memorandum indicate that he was represented by attorney Bill C. Stephens.

[2] Petitioner filed two prior habeas petitions challenging his conviction in Cause No. F93-22862-KP. *See Cooper v. Johnson*, 3:95-CV-0018-P (N.D. Tex. Dec. 7, 1995), and *Cooper v. Johnson*, 3:01-CV-1022-M (N.D. Tex. July 31, 2001).

successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[3] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion. The Court dismissed the prior petition as untimely. Such a dismissal is not the type of procedural ruling that would make a later-filed petition non-successive. *See Villanueva v. United States,* 346 F.3d 55, 62 (2d Cir. 2003); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003). A prior untimely petition "count[s] because a statute of limitations bar is not a curable

---

[3] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

3

technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims." *Altman,* 337 F.3d at 766.

When a petitioner has pursued a prior federal petition for writ of habeas corpus that counts for purposes of determining whether a subsequent petition is successive, *Orozco-Ramirez* and *Crone* require the petitioner to present all available claims related to his conviction and sentence in that prior petition. *See* 211 F.3d at 867, 324 F.3d at 836-37.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez,* 211 F.3d at 870-71 (quoting *Pratt v. United States,* 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1990 conviction in a prior federal petition. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the

4

application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Although it is appropriate for the Court to dismiss the successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate. By filing this petition to challenge his 1990 conviction based upon facts that were known long ago, petitioner has abused the judicial process.[4]

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should

---

[4] This Court previously dismissed a prior petition as untimely. There is ample reason to believe the instant petition is likewise untimely. This Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

**SIGNED** on this 24th day of June, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE